UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Nos. 90-cr-8075-RLR
90-cr-14024-RLR

UNITED STATES OF AMERICA,

vs.

JEFFREY WILLIAM DRAWDY,

   Defendant.
_____/

FILED BY ____KJZ____ D.C.

Aug 24, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATIONS IN 90-cr-8075 AND IN 90-cr-14024

### I.   Background

The Defendant, Jeffrey William Drawdy, appeared before the Court on August 19, 2020, for a final hearing on the Petitions for Action on Conditions of Supervised Release ("Petitions") [DEs 28, 29].[1] Defendant was originally convicted in the Southern District of Florida of Bank Robbery, in violation of Title 18, U.S.C. §2113(A), a Class C Felony. [DEs 28, 29]. On February 13, 1991, United States District Judge Thomas Paine sentenced Defendant to Custody of the Bureau of Prisons for 168 months, followed by three years Supervised of Release. *Id*. Defendant's term of supervised release commenced on October 11, 2002. *Id*. All terms were to run concurrently. *Id*.

Defendant is now charged with the following five violations of his supervised release in the Petitions [DEs 28, 29]:

---

[1] For each citation to a docket entry, because this criminal case consists of two slightly different dockets, the Court will first list the docket entry in case no. 90-cr-8075, followed by the docket entry for case no. 90-cr-14024.

1. **Violation of Mandatory Condition:** By failing to refrain from violation of the Law. On or about March 31, 2003, through April 3, 2003, in Tampa, Florida, the supervised releasee was arrested by the Tampa Police Department on two counts of Robbery and Criminal Mischief.

2. **Violation of Standard Conditions:** By failing to follow the instructions of the U.S. Probation Officer. On March 18, 2003, the defendant was instructed by U.S. Probation Officer Maria C. Rodriguez to report to a detox program and he failed to comply.

3. **Violation of Standard Conditions:** By failing to notify the U.S. Probation Officer of any change of residence. On or about March 18, 2003, and until his arrest on March 31, 2003, the defendant failed to notify the U.S. Probation Officer of his whereabouts.

4. **Violation of Mandatory Conditions:** By unlawfully possessing or using a controlled substance. On or about January 28, 2003, the defendant submitted a urine specimen which tested positive for the presence of Cocaine, which was analyzed by PharmChem Laboratories on February 13, 2003. On March 5, 2003, the defendant admitted using Crack Cocaine since January 2, 2003. Additionally, the defendant admitted on March 12, · 2003, to the U.S. Probation Officer, that he used Cocaine on or about March 8, 2003.

5. **Violation of Special Condition:** Defendant shall participate in an approved treatment program for drug and/or alcohol abuse as directed by the U.S. Probation Officer. On or about March 25; 2003, the defendant

was terminated unsuccessfully from his drug aftercare program, for failure to report for treatment and abstain from using drugs.

## II.   Summary of Hearing

At the August 19, 2020 hearing, Defendant appeared by Zoom Video-Teleconference ("VTC") due to the COVID-19 pandemic.  Defendant stated that he consented to waive his physical presence in the Courtroom and agreed to appear for the hearing by Zoom VTC. All of Defendant's decisions were made with the advice of competent counsel. The Court found that the hearing could not be delayed without seriously harming the interests of justice, and that Defendant's waiver was knowing and voluntary.

At the hearing, upon questioning by the Court, Defendant stated that he was clear-headed and not under the influence of drugs, alcohol, or any controlled substance.   Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, Defendant was advised of the violations alleged against him, his right to contest the allegations, his right to appear at the hearing and present evidence, and his right to question adverse witnesses. After being advised of those rights, Defendant stated that he waived his right to a final revocation hearing in both cases.

After being advised of his rights and the maximum penalties he is facing, Defendant waived his right to a contested revocation hearing and admitted to allegations #1-5 as alleged in both Petitions. The Court finds that Defendant made his waivers and admissions knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel. Based on Defendant's admissions to allegations #1-5 and its review of the record, the Court finds by a preponderance of the evidence that Defendant committed allegations #1-5 as alleged in both Petitions [DEs 28, 29].

### III.     Recommendation

For the foregoing reasons, it is respectfully recommended that the Honorable United States District Judge Robin L. Rosenberg find that Defendant has violated the terms and conditions of supervised release as alleged in allegations #1-5 in both Petitions.  It is also recommended that this matter be set down for sentencing in both cases on violations #1-5 before United States District Judge Robin L. Rosenberg.

### NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Robin L. Rosenberg within fourteen (14) days of being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C).  Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.   11th Cir.R. 3-1.

**RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach in the Southern District of Florida, this 24th day of August, 2020.

*/s/ William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE